**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

In re:

TEMPUS AIRCRAFT SALES AND
SERVICE, LLC

    Debtor.

Case No. 18-13507 MER

Chapter 11

## ORDER AND NOTICE OF EVIDENTIARY HEARING

NOTICE IS HEREBY GIVEN that a hearing has been set on **Friday, May 25, 2018, at 9:30 a.m.,** in the United States Bankruptcy Court for the District of Colorado, Courtroom C, U.S. Custom House, 721 19th Street, Denver, Colorado, on Debtor's Motion to Compel Turnover, Receiver's Motion to Excuse Turnover, and Bank of the West's Motion for Relief from the Automatic Stay. These matters have been set for one day.

IT IS ORDERED that:

1. **Discovery**.  The special provisions regarding limited and simplified discovery as specified in Local Bankruptcy Rule 7026-2 shall apply in this contested matter.  All discovery disputes in this matter are subject to L.B.R. 9013-1(g) and L.B.R. 7026-1(d).

2. **Witnesses and Exhibits**.  The requirements in this Order specifically supersede the requirements in Local Bankruptcy Rule 9070-1.  The parties shall exchange witness lists and exhibits on or before **May 15, 2018**.  A List of Witnesses and Exhibits shall be filed with the Court on or before **May 18, 2015**, substantially in the form of L.B. Form 9070-1.1.  Expert witnesses must be identified.  Do not file the actual exhibits unless otherwise directed by the Court.  Any illustrative aids to be used at trial in opening statements, with a witness, or in closing arguments, shall be exchanged by **May 18, 2018**.

   a. The parties must exchange FULL SETS of intended exhibits prior to trial.  Exhibits which have been attached to pleadings or provided as discovery responses are not considered to be exchanged for purposes of trial preparation.
   b. Exhibits must be marked for identification (Movant-numbers and Respondent-letters).
   c. Multi-page exhibits should be individually page-numbered.
   d. Expert witnesses must be specifically identified.
   e. The courtroom is equipped for electronic evidence presentation and the Court strongly encourages its use.  The guidelines for

courtroom technology are available on the Court's website under "Judges' Info" at http://www.cob.uscourts.gov.  If paper exhibits are being used, each party shall provide three (3) copies of all exhibits to the Law Clerk or Courtroom Deputy.  Exhibits should be placed in a binder and indexed in the form of Attachment 1 to L.B.R. 9070-1.1.

f.   Written objections directed to the witnesses or exhibits must be filed with the Court and served on opposing counsel or party on or before **May 20, 2018,** otherwise all objections except as to foundation and relevancy are waived.

g.   Copies of contested exhibits must be attached to the filing of objections for the Court's prior review, unless the nature of the objection involves the fact that the party proffering the exhibit has failed to adequately identify and/or exchange it.

h.   While objections to exhibits will be deemed waived unless the objector complies with this paragraph, only those exhibits which are specifically admitted during the evidentiary hearing will be considered by the Court and become part of the evidentiary hearing record.

3.   **Stipulated Facts**.  The parties shall confer and prepare a list of uncontested background facts relating to the issues before the Court, which list shall be filed with the Court on or before **May 15, 2018**.  If the parties are unable to reach an agreement as to any stipulated facts, a statement to that effect must be filed.  Failure to file this required document will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.

4.   **Notification of Settlement**.  To facilitate court preparation for this hearing, any motion to continue the hearing or to vacate the hearing due to settlement shall be filed at least 24 hours prior to the scheduled hearing.  Parties shall contact chambers staff by telephone at 720-904-7413 upon filing such a motion, and chambers staff will advise parties if the hearing is continued or vacated.  Except in exigent circumstances not known 24 hours before the hearing, oral motions to continue will not be entertained.  If the matter is settled and a written motion to vacate due to settlement cannot be timely submitted, counsel and parties appearing pro se may be required to appear, either in person or by telephone, at the scheduled hearing time to read the terms of any settlement into the record.

5.   **Court Appearances**.  Evidence will not be received by telephone or declaration, nor will parties be permitted to appear by telephone.  All parties shall appear in person or by counsel.

6.   **Closing Arguments.**  For all contested hearings set for one day or longer, it is the practice of this Court to request the parties to provide written

closings, with legal authority and citations to the trial record, at a date to be determined after the close of evidence.  Motions requesting conventional oral closings may be tendered to the Court prior to the start of trial.

**Failure to file any of the required documents as set forth above will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.**

Dated May 4, 2018                            BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court