UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| TEMPUS AIRCRAFT SALES AND ) | Case No. 18-13507 MER |
| SERVICE, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## MOTION FOR APPROVAL OF THE SALE AND TRANSFER OF PROPERTY OF THE ESTATE TO CUTTER AVIATION COLORADO SPRINGS, LLC PURSUANT TO 11 U.S.C. §§ 363(b) AND (f)

Tempus Aircraft Sales and Service, LLC, Debtor-in-Possession ("TASS") herein, by and through its undersigned counsel, respectfully submits this Motion for Approval of the Sale and Transfer of Property of the Estate to Cutter Aviation Colorado Springs, LLC pursuant to 11 U.S.C. §§ 363(b) and (f) ("Motion"). In support thereof, TASS states as follows:

### Background

1. TASS filed its petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on April 26, 2018 (the "Petition Date") and is operating as a debtor-in-possession.

2. Prior to November 2017, TASS was the exclusive dealer of Pilatus aircraft in the southwestern United States. TASS was also engaged in the business of aircraft maintenance and aircraft part sales.

3. In November 2017, lender Bank of the West declared a technical default under its loan agreement with TASS and sought and obtained the appointment of a receiver, Cordes and Company (the "Receiver").

4. During the receivership, TASS's dealership was wrongfully terminated by Pilatus Business Aircraft Ltd. ("Pilatus").

5. Pilatus then entered a new franchise agreement with Cutter Aviation Colorado Springs, LLC ("Cutter").

6. It is Cutter's intent to operate in one of the hangars previously leased by TASS at Centennial Airport.

7. It is TASS's intent going forward to move most of its remaining inventory to facilities in Greenville, South Carolina and Hondo, Texas and, among other actions, resume its part sales and maintenance operations.

8. TASS has determined in the exercise of its business judgment that certain physical property and rights (the "Property") will be sold for the highest and best price to Cutter because of Cutter's Pilatus dealership at Centennial Airport. The Property consists of the following:

    a. The physical property listed in Exhibit A, attached hereto;

    b. TASS's "Agreement Under Standards" with the Arapahoe County Public Airport Authority, described in the Assignment attached hereto as Exhibit B;

    c. TASS's telephone number, as set forth in Exhibit C; and,

    d. Miscellaneous office furniture remaining in the hangar space.

9. The proposed purchase price is $330,000.

10. The Property is subject to a first priority lien held by Bank of the West.

**Motion for Authority to Sell Pursuant to 11 U.S.C. § 363(b) and (f)**

11. Under 11 U.S.C. § 363(b), a debtor may sell property of the estate outside of the ordinary course of business after notice and a hearing. The standard employed in determining whether a motion to approve the sale of assets should be granted is the "business judgment rule." *See In re Castre, Inc.*, 312 B.R. 426, 428 (Bankr.D.Colo. 2004) (following *In re Lionel Corp.*, 722 F.2d 1063 (2nd Cir. 1983)). Under the business judgment rule, the Court must find that the Trustee exercised sound business judgment for the terms of the proposed sale. In making this determination, courts consider the following factors: (a) any improper or bad motive; (b) whether the price is fair and the negotiations or bidding occurred at arm's length; and (c) the adequacy of the sale procedures, i.e. whether there has been proper exposure to the market and accurate and reasonable notice to all parties in interest. *Id.*

12. Here, there is no improper or bad motive. TASS has no connection to Cutter and only seeks to maximize the value of the Property to reduce the indebtedness owed to Bank of the West.

13. TASS asserts the price is fair. TASS believes the purchase price with respect to the physical property is higher, after deducting commissions and other expenses, from what the property would have been sold at through the auction that was cancelled by the bankruptcy filing. Cutter is the only logical purchaser of the other assets.

14. With respect to the third factor, TASS must liquidate or move its inventory as quickly as possible. The assets being purchased have the most value to a Pilatus dealer and Cutter is the only such dealer in this region. Given the time crunch and absence of a true market, this third factor is satisfied.

15. The sale of the Property free and clear of the interest of Bank of the Wests is also appropriate pursuant to the specific provisions of 11 U.S.C. § 363(f) set forth below:

    a. Under § 363(f)(2), because TASS believes that Bank of the West will consent to the sale of Property under the terms set forth herein; and,

      b. Under § 363(f)(5), because Bank of the West could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its lien with respect to the Property.

16. Bank of the West shall receive adequate protection of its interest in the form of a replacement lien on the $330,000 in sale proceeds.

17. The sale proceeds shall be deposited by TASS into a separate account and disbursed only upon further order of the Bankruptcy Court.

18. As long as a proposed sale appears to enhance a debtor's estate, "court approval of a Debtor's decision to sell should only be withheld if the Debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Texas 2005) (internal citations and quotations omitted).

19. Based upon the foregoing, TASS believes the sale proposed herein is in the best interest of creditors and the estate and requests that the Court approve the sale pursuant to 11 U.S.C. § 363(c) and (f), free and clear of all liens, interests and encumbrances with such liens, interest and encumbrances attaching to the sale proceeds.

WHEREFORE, the Debtor respectfully requests that the Court approve the sale proposed herein and grant the Debtor any further and additional relief as deemed appropriate.

DATED this 14th day of May, 2018.

                Respectfully submitted,

                WADSWORTH WARNER CONRARDY, P.C.

                */s/ David V. Wadsworth*
                David V. Wadsworth, #32066
                2580 West Main Street, Suite 200
                Littleton, Colorado 80120
                (303) 296-1999; (303) 296-7600 (fax)
                dwadsworth@wwc-legal.com
                Attorneys for the Debtor-in-Possession