# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-13507-MER |
| Tempus Aircraft Sales and Service, LLC ) | Chapter 11 |
| ) | |
| ) | |
| Debtor ) | |

## BANK OF THE WEST'S OBJECTION TO MOTION FOR APPROVAL OF THE SALE AND TRANSFER OF PROPERTY OF THE ESTATE TO CUTTER AVIATION COLORADO SPRINGS, LLC PURSUANT TO 11 U.S.C. §§ 363(B) AND (F)

Bank of the West, by and through its undersigned counsel, hereby files its Objection to Motion for Approval of the Sale and Transfer of Property of the Estate to Cutter Aviation Colorado Springs, LLC Pursuant to 11 U.S.C. §§ 363(b) and (f), and would respectfully show the Court as follows:

## INTRODUCTION

Bank of the West, owed over $7 million, is the Debtor's primary secured creditor with a blanket lien on all of the Debtor's assets. In the fall of 2017, the Debtor was in default under its loan agreement with Bank of the West. Accordingly, in order to protect its collateral, Bank of the West sought the appointment of a receiver. On November 21, 2017, the District Court of Arapahoe County entered its order appointing Cordes & Co. as the receiver over the collateral (the "Receiver").

The Debtor's assets were under the control of the Receiver for over five months. The bankruptcy petition was filed essentially on the eve of foreclosure, *i.e.,* an auction of the Debtor's inventory and equipment that was scheduled for April 27, 2018. The auction was extensively marketed and over 142 potential bidders had registered to attend the auction on-line and 74 bidders had registered to attend the auction in person (from 19 states and one from

{Z0222654/1 }

Canada). People were flying from all over the country to attend this auction. Due to the bankruptcy, the auction was cancelled at great cost and expense.

Now on an "emergency" basis without any attempt to market these assets, the Debtor seeks to sell a portion (the best portion) of its inventory and equipment that had been the subject of the Receiver's proposed auction. The Debtor fails to demonstrate any emergency justifying the relief requested or any other reason why the assets should not be sold in a more orderly manner at an auction with competitive bidding after proper marketing. The proposed sale is directly contrary to the representations that the Debtor made before this Court that the inventory and equipment that were to be sold at auction were necessary for a reorganization. But, more importantly, the proposed price is much less than what the Receiver anticipated the inventory and equipment would achieve at its auction. *And,* the proposed price is less than the offer that the Receiver received for equipment and inventory from the proposed purchaser, Cutter Aviation Colorado Springs, LLC, prior to the auction. Accordingly, Bank of the West requests that the Court deny the Debtor's motion as the sale is not in the best interests of the estate.

## PROCEDURAL BACKGROUND

1. The Debtor filed its voluntary Chapter 11 petition on April 26, 2018.

2. On May 3, 2018, the Court held a preliminary hearing on the Motion to Excuse Turnover filed by Bank of the West, and the Debtor's Motion To Compel Turnover of Estate Property. The court orally ruled that books and records were to be turned over to the Debtor and that the Debtor was to be given supervised access to its facility, but that all other property would remain with the receiver pending an evidentiary hearing.

3. On May 4, 2018, the Court entered its Order and Notice of Evidentiary Hearing at Docket #49 ("**Order**"). The Order set the evidentiary hearing for May 25, 2018; that hearing has subsequently been rescheduled for June 19, 2018.

4. On May 14, 2018, Debtor filed its to Motion for Approval of the Sale and Transfer of Property of the Estate to Cutter Aviation Colorado Springs, LLC Pursuant to 11 U.S.C. §§ 363(b) and (f) (the "**Motion**"). The Motion seeks approval of a sale of certain of the Debtor's inventory and equipment for a purchase price of $330,000.

## ARGUMENT

5. The Debtor filed its bankruptcy petition the day before an auction was scheduled to sell the inventory and equipment that the Debtor now proposes to sell in its Motion. The Debtor asserted that the bankruptcy petition was filed in order to allow the Debtor to reorganize its business with the equipment and inventory that were the subject of the Receiver's auction. However, only two weeks after the petition was filed, the Debtor filed its Motion claiming that it must now sell on an emergency basis the inventory and equipment to Cutter Aviation Colorado Springs, LLC ("Cutter").

6. Unfortunately, the Debtor did not consult with the Receiver prior to filing its Motion. If the Debtor had, it would have learned that prior to the auction Cutter had made an offer to the Receiver for the Debtor's equipment and inventory that was approximately double the offer contained in the Motion. The Receiver did not accept that offer, but instead referred Cutter to the auction date to pursue the purchase as the Receiver had already contracted with the auctioneer that these items would be included in the auction. The Receiver believed that it would receive a better price for the assets at the auction. If the Debtor had consulted with the

Receiver, the Debtor would also have learned that Cutter had posted a letter of credit that exceeded its prior offer in order to attend and bid at the auction.

7. Simply stated, the Motion should not be approved because the sale does not represent the highest and best price for the assets. The price is not fair. There have been no sale procedures, and there has been no proper exposure to the market. Indeed, the market, as represented by the Receiver's proposed auction, would most likely have achieved a much higher price. The Debtor claims that "Cutter is the only logical purchaser of the . . . assets" but this ignores the fact that the auction had generated an extraordinary level of interest with over two hundred potential bidders registered to attend. Under these circumstances, Cutter is absolutely *not* the only logical purchaser. Any sale of the Debtor's assets should be accomplished only after sufficient marketing efforts have been made and only in an auction context which will afford competitive bidding.

8. In its Motion, the Debtor admits that the property to be sold is subject to a first priority lien held by Bank of the West. Given that it is grossly under-secured, Bank of the West is the only party with an economic interest in the property to be sold. Bank of the West's interests are not being protected by an "emergency" sale with no competitive bidding and with a sales price that is a fraction of what had been offered by the same proposed buyer prior to the filing of the bankruptcy petition. *See In re Psychometric Sys.*, 373 B.R. 670, 677 (Bankr.D.Colo. 2007) (refusing to approve sale by trustee when the trustee had not adequately marketed the assets and because higher offers had not been pursued, negotiated or developed).

9. Moreover, the Debtor has not demonstrated any convincing grounds for emergency relief. As discussed above, Cutter is not the only potential buyer. The Debtor has not shown that the ongoing rental costs exceed the value that could be achieved with an orderly sale

of the property at an auction with competitive bidding after proper marketing. The assets are not declining in value. No good cause exists to sell any of the Debtor's assets on an expedited basis.

10. Additionally, the sale cannot be approved because the Debtor does not meet any of the requirements under 11 U.S.C. § 363(f), which would allow the sale to occur free and clear of the Bank of the West's liens. The Bank of the West does not consent; the sales price is not greater than the value of the liens on the property; Bank of the West's interest in the property to be sold is not in bona fide dispute; and the Bank of the West could not be compelled to accept a money satisfaction as a result of this sale. Under these circumstances, the proposed sale cannot be approved.

11. Finally, Bank of the West also objects to the Debtor's proposal that any sale proceeds be deposited in a separate bank account and be disbursed only upon further order of this Court. The property being sold is subject to Bank of the West's properly perfected security interest. The Debtor does not suggest otherwise. Assuming the sale is approved, no reason exists at law or in equity that the sale proceeds should not be distributed immediately to Bank of the West upon the closing to be applied to pay down its loan with the Debtor.

WHEREFORE, Bank of the West respectfully requests the Court deny the Debtor's Motion for Approval of the Sale and Transfer of Property of the Estate to Cutter Aviation Colorado Springs, LLC Pursuant to 11 U.S.C. §§ 363(b) and (f).

Respectfully submitted this 21st day of May, 2018.

>MARKUS WILLIAMS
>YOUNG & ZIMMERMANN LLC
>
>
>*/s/Jennifer Salisbury*
>Jennifer Salisbury, #37168
>1700 Lincoln Street, Suite 4550
>Denver, Colorado 80203-4505
>Telephone (303) 830-0800
>Facsimile (303) 830-0809
>Email: jsalisbury@markuswilliams.com
>Attorneys for Bank of the West

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2018, a true and correct copy of the forgoing BANK OF THE WEST'S OBJECTION TO MOTION FOR APPROVAL OF SALE AND TRANSFER OF PROPERTY OF THE ESTATE was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1 on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Fed. R. Bankr. P. and the L.B.R. as indicated below:

**VIA CM/ECF**

Duncan E. Barber
dbarber@sbbolaw.com

Lacey S. Bryan
lbryan@wwc-legal.com

Aaron J. Conrardy
aconrardy@wwc-legal.com

Caroline C. Fuller
cfuller@fwlaw.com

Donald R. Kirk
dkirk@carltonfields.com

Alan K. Motes
Alan.Motes@usdoj.gov

John M. Tanner
jtanner@fwlaw.com

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

David Wadsworth
dwadsworth@wwc-legal.com

Thomas E.M. Werge
tom@werge.law

Matthew M. Wolf
mwolf@allen-vellone.com

    /s/Jessica M. Anderson
Jessica M. Anderson, Legal Assistant