**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-13507 MER |
| TEMPUS AIRCRAFT SALES AND ) | |
| SERVICE, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**STONEBRIAR COMMERCIAL FINANCE LLC'S OBJECTION TO MOTION TO ASSUME AIRCRAFT PURCHASE AGREEMENTS PURSUANT TO 11 U.S.C. § 365**
**AND**
**REQUEST FOR HEARING**

Stonebriar Commercial Finance LLC ("Stonebriar"), by and through its undersigned counsel, hereby (i) objects ("Objection") to the *Motion to Assume Aircraft Purchase Agreements Pursuant to 11 U.S.C. § 365* (Dkt. 125) ("Assumption Motion"), and (ii) to the extent that the Assignment Motion is not summarily denied, requests a hearing on the Assumption Motion. In support thereof, Stonebriar respectfully states as follows:

On April 26, 2018 ("Petition Date"), the above-captioned debtor ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

On May 24, 2018, the *Motion for Appointment of Chapter 11 Trustee* (Dkt. 103, "Chapter 11 Trustee Motion") was filed by Bank of the West, the Debtor's largest secured creditor, seeking the appointment of a chapter 11 trustee ("Trustee") to administer the Debtor's bankruptcy case. It appears that the Debtor may likely soon consent to the appointment of a chapter 11 Trustee. But regardless, even if the Debtor does not, the Court will soon hear the Chapter 11 Trustee Motion on June 19, 2018.

On May 31, 2018, approximately five weeks following the Petition Date, the Debtor filed the Assumption Motion which seeks to assume five (5) Retail Agreements,[1] pursuant to which the Debtor would sell PC-24 airplanes purchased from Pilatus Business Aircraft Ltd. to its customers at retail prices. *Assumption Motion*, ¶ 7-8. Stonebriar objects to the relief requested in the Assumption Motion as the Debtor has not demonstrated why the assumption of the Retail Agreements at this early stage of its bankruptcy case is a sound exercise of its business judgment.

Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). While the Bankruptcy Code "does not provide a standard to be applied in determining the propriety of the [debtor's] decision to assume or reject[,]" most courts have applied a business

---

[1] All terms not defined herein shall have the meanings ascribed to them in the Assumption Motion.

judgment standard. 3 *Collier on Bankruptcy* ¶ 365.03[2] (Richard Levin & Henry J. Sommer eds., 16th ed. 2012).

In a case pending under chapter 11 of the Bankruptcy Code, assumption or rejection of an executory contract may occur any time prior to the confirmation of a plan. 11 U.S.C. § 365(d)(2). The timing of the assumption is significant because "if the contract is assumed, any liability thereafter will be an expense of administration, including liability for a later rejection." 3 *Collier on Bankruptcy* ¶ 365.03[2] (16th ed. 2012). Accordingly, when a debtor assumes a contract, it "should do so carefully because the [debtor] runs the risk that a subsequent breach of the contract . . . will create a large administrative expense." 4 *Collier on Bankruptcy* ¶ 563.06[6][b] (16th ed. 2012).

There are no compelling reasons for the Debtor to proceed with the assumption of the Retail Agreements at this time. First, the Debtor's bankruptcy case has been pending for less than two months, and no plan has been filed to date. With no plan filed with the Court, there is no pending deadline by which the Debtor must decide whether to assume or reject the Retail Agreements. Further, the only discernible reason identified by the Debtor in support of the assumption of the Retail Agreements – the $1,000,000.00 it will be entitled to retain in customer deposits – is a red herring, as the Debtor will be entitled to retain those amounts whether it assumes the Retail Agreements now or at a future date.

In contrast, there are valid and compelling reasons why the assumption of the Retail Agreements should **not** go forward at this time. First, the potential impact of the assumption of the Retail Agreements is significant. Once assumed, the liabilities for breach of the Retail Agreements, which would be prepetition claims if the Retail Agreements were rejected, will be postpetition liabilities and possibly entitled to administrative expense priority. *See* 4 *Collier on Bankruptcy* ¶ 563.06[6][b] (16th ed. 2012). It is, therefore, in the best interest of the estate to not make a hurried decision at the outset of the bankruptcy case that could cost the estate a large administrative expense in the future.

Moreover, it appears the Debtor will likely soon consent to the appointment of a chapter 11 Trustee. If the Debtor assumes the Retail Agreements prior to the appointment of a chapter 11 Trustee, that Trustee may determine that it was not in the estate's best interests to assume the Retail Agreements. The Trustee would then have no ability to reject the previously-assumed Retail Agreements without potentially creating a large administrative expense for the Debtor's estate.

Because the appointment of a chapter 11 Trustee may be imminent, and because there are no pending deadlines governing the assumption of the Retail Agreements, the most prudent approach is to allow the Trustee – and not the Debtor – to determine whether the assumption of the Retail Agreements is in the best interest of the estate.

WHEREFORE, for all of the foregoing reasons, Stonebriar hereby respectfully requests that this Court (i) deny the relief requested in the Assumption Motion, (ii) to the extent that the Assumption Motion is not summarily denied, set a hearing to consider the Assumption Motion, and (iii) grant such other and further relief to Stonebriar as is just and equitable.

DATED this 15 day of June, 2018.

Respectfully submitted,

/s/LeElle Slifer
LeElle Slifer
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
(469) 904-4550
lslifer@burnscharest.com

Thomas E.M. Werge
WERGE & HAHN LLC
110 Sixteenth Street, Suite 1400
Denver, CO 80202
(720) 458-1401
tom@werge.law

*Attorneys for Stonebriar Commercial Finance LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-13507 MER |
| TEMPUS AIRCRAFT SALES AND ) | |
| SERVICE, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 15, 2018, I served by prepaid first-class U.S. mail, or electronically through CM/ECF where indicated, a copy of **STONEBRIAR COMMERCIAL FINANCE LLC'S OBJECTION TO MOTION TO ASSUME AIRCRAFT PURCHASE AGREEMENTS PURSUANT TO 11 U.S.C. § 365 AND REQUEST FOR HEARING**, to the following:

Duncan E. Barber
dbarber@sbbolaw.com

Lacey S. Bryan
lbryan@wwc-legal.com

Aaron J. Conrardy
aconrardy@wwc-legal.com

Caroline C. Fuller
cfuller@fwlaw.com

Donald R. Kirk
dkirk@carltonfields.com

James T. Markus
jmarkus@markuswilliams.com

Jeffrey C. Wisler
Jwisler@connollygallagher.com

Alan K. Motes
Alan.Motes@usdoj.gov

Jennifer Salisbury
jsalisbury@markuswilliams.com

John M. Tanner
jtanner@fwlaw.com

David Wadsworth
dwadsworth@wwc-legal.com

Matthew M. Wolf
mwolf@allen-vellone.com

*/s/    LeElle Slifer*
For Burns Charest LLP