IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

In re:

TEMPUS AIRCRAFT SALES AND SERVICE, LLC,

    Debtor.

Case No. 18-13507-MER

Chapter 7

## ORDER

THIS MATTER comes before the Court upon the Statements of Position Regarding Assignment of Claims filed by Chapter 7 Trustee Tom Connolly ("**Trustee**")[1] and Stonebriar Commercial Finance, LLC ("**Stonebriar**").[2]

## BACKGROUND

**BACKGROUND**

### I. Arapahoe Litigation

Orion Group Holdings, LLC ("**Orion**") is an affiliate of the Debtor through common ownership.[3] Pre-petition, Orion was prosecuting claims (the "**Orion Claims**") in the District Court for Arapahoe County, Colorado against Arapahoe Joint Venture # 1 and Arapahoe Airplaza JV # 1 ("**Arapahoe Defendants**").[4] The claims arose from damaged aircraft parts resulting from a structural failure of commercial hanger space at Arapahoe Airport owned by the Arapahoe Defendants and leased to Orion. Though Debtor was not a lessee, most of the damaged parts were owned by the Debtor.

In addition to the Arapahoe Defendants, Orion also pursued its claims against the Arapahoe Defendants' liability insurer, Travelers' Insurance Company ("**Travelers'**"). Travelers' resolved the claims against it through a confidential settlement agreement with Orion, joined by the Debtor ("**Travelers' Settlement**"). Trustee asserts Travelers' has not performed under its settlement agreement.

---

[1] ECF No. 303 ("**Trustee Statement**")

[2] ECF No. 304 ("**Stonebriar Statement**").

[3] *See* 11 U.S.C. § 101(2)(B).

[4] Arapahoe District Court Case No. 2017 CV 31753.

Trial went forward against the Arapahoe Defendants.  Although the sole plaintiff was Orion, as bailee of the damaged parts, Orion testified at trial the claims were only nominally in Orion's name.  Instead, the claims were effectively brought for the benefit of the Debtor, based on Debtor's ownership of the damaged property.  Ultimately, Orion obtained a money judgment against the Arapahoe Defendants for $3 million ("**Arapahoe Judgment**").  The Arapahoe Defendants appealed the Arapahoe Judgment to the Colorado Court of Appeals, which appeal remains pending.

## II. The Assignment Issue

Trustee asserts Orion, through its owner John Gulbin, executed a written agreement transferring to Trustee all of Orion's rights under the Arapahoe Judgment, the Orion Claims and the Travelers' Settlement ("**Purported Assignment**").  The parties dispute whether the Purported Assignment effectively transferred Orion's interest to the estate.  The Court heard preliminary argument on August 21, 2018, in connection with the Trustee's motion to approve sale of the aircraft equipment to Palmetto Holdings.[5]  Stonebriar objected to the Sale Motion because it contained language affirming the Purported Assignment.  Specifically, Stonebriar argued the Purported Assignment was entered in violation of the Arapahoe District Court's orders and is therefore void.  The Court approved the Sale Motion but excised from the order the disputed language affirming the Purported Assignment.

Thereafter, in an order dated September 7, 2018, the Arapahoe District Court concluded the assignment was in "unknowing" violation of the court's previous June 29, 2018 order imposing an injunction to maintain the *status quo ante* pending appeal of the Arapahoe Judgment.[6]  To avoid contempt, Mr. Gulbin withdrew his assent and declared the Purported Assignment *void ab initio*.[7]

Trustee now argues, even without a valid assignment from Orion to the estate, the Orion Claims, Arapahoe Judgment and Travelers' Settlement are, and have always been, Debtor's property.  First, Trustee argues Orion was merely a nominal plaintiff and the Debtor has always been the ultimate beneficiary.  Second, Trustee asserts Debtor, not Orion, paid the attorneys' fees for prosecuting the Orion Claims.  Third, Trustee points out the aircraft parts damaged in the hangar collapse belonged to Debtor and not Orion.  Finally, Trustee argues the uncontested evidence at the jury trial on the Orion Claims showed Orion was merely bailee to the damaged goods owned by Debtor.  Further, at trial in Arapahoe County, Mr. Gulbin testified on

---

[5] See ECF Nos. 223 and 284 ("**Sale Motion**").

[6] ECF No. 328 pp. 3-5.

[7] *Id.*

behalf of Orion proceeds from the judgment would be given over to Debtor upon receipt.

Stonebriar maintains the assignment is invalid as contempt of the Arapahoe District Court Order. Stonebriar further argues the issue is moot because the Palmetto sale has now fallen through and there is no other pending motion to approve the assignment.[8] Finally, Stonebriar argues the issue of ownership of the Orion Claims, Arapahoe Judgment and Travelers' Settlement, specifically whether these are property of the estate, is the subject of Trustee's pending adversary and must be decided in that context.[9]

## ANALYSIS

Because the Arapahoe District Court ruled the Purported Assignment violated that court's orders, the Purported Assignment is void *ab initio*.[10] This result is buttressed by Mr. Gulbin's withdrawal from the Purported Assignment to avoid contempt. As a result, Orion's interests in the Orion Claims, the Arapahoe Judgment, and the Travelers' Settlement, if any, have never been assigned to the Trustee. The issue before the Court, then, is whether absent an assignment the Orion Claims and the Arapahoe Judgment are in fact Orion's property or Debtor's property.

This is precisely the same issue before the Court in Adv. No. 18-1243. In light of the pending adversary, it is unclear what, if any, relief the Court could grant on the Trustee's Position Statement in Debtor's main bankruptcy case. Pursuant to Fed. R. Bankr. P. 7001(9), a proceeding which seeks declaratory judgment regarding property of the estate is an adversary proceeding.[11] Trustee's claims in Adv. No. 18-1243 seek declaratory judgment determining whether specifically identified property is property of the estate and imposition of constructive or resulting trusts based on those determinations.

---

[8] *See* ECF No. 290.

[9] *See* Adv. No. 18-1243.

[10] *See In re Johnson*, 18 B.R. 44, 756-57 (Bankr. S.D. Ohio 1982) ("actions taken which are, in fact, violative of a court order . . . while not necessarily contemptuous, are void and without legal basis.")

[11]*In re Miller*, 302 B.R. 705, 710 (10th Cir. B.A.P. 2003) (where there is a question regarding ownership of property, an adversary proceeding is required); *In re Colafranceschi*, 577 B.R. 817 (Bankr. D. Idaho 2017) (disagreements over whether property is property of the estate generally requires adjudication through an adversary proceeding); *In re Haedo*, 211 B.R. 149, 152-53 (Bankr. S.D. N.Y. 1997) (adversary proceeding was necessary to determine parties' rights in tax refund owed to Chapter 11 debtor and nondebtor spouse); 10 *Collier on Bankruptcy* ¶ 7001.02 (15th ed.) (adversary proceeding is required for those "seeking reclamation of property in the possession of a trustee or debtor merely as trustee or bailee.")

It is easy to see why the Court should decide the property interests through the adversary proceeding and not the main case. Trustee has named seven separate defendants in his complaint. Only three of Trustee's six claims seek relief against all defendants; Trustee's third, fourth, and sixth claims for relief name some but not all defendants. Further, the proceedings in Adv. No. 18-1243 have been pending for over two months. Some parties have answered, others have defaulted, and cross-claims and counter-claims have each been asserted. Addressing overlapping issues through the main bankruptcy case raises due process issues, contributes to the procedural complexity of these cases, requires duplication of efforts by the parties, and, of course, violates the plain language of Fed. R. Bankr. P. 7001(9).

For the foregoing reasons IT IS ORDERED the Court will take no further action on the Trustee's Statement [ECF No. 303] or the Stonebriar Statement [ECF No. 304].

Dated October 25, 2018    BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court