**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>TEMPUS AIRCRAFT SALES<br>AND SERVICE, LLC,<br><br>Debtor. | Case No. 18-13507 MER<br><br>Chapter 7 |

**APPLICATION BY ARAPAHOE AIRPORT JOINT VENTURE #1 FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)**

Arapahoe Airport Joint Venture #1 ("**AAJV**") moves for allowance of its chapter 11 administrative expense claim in the amount of $102,376.83, pursuant to 11 U.S.C. § 503(b)(1)(A). The following grounds support this Application:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is 11 U.S.C. § 503(b)(1)(A).

**BACKGROUND**

3. On April 26, 2018, debtor Tempus Aircraft Sales and Service, LLC (the "**Debtor**") filed a voluntary petition for relief with this Court under chapter 11 of Title 11 of the United States Code.

4. On August 9, 2018, the Debtor's chapter case converted to a chapter 7 case, with Tom Connolly appointed as chapter 7 trustee (the "**Trustee**") (following his appointment as chapter 11 trustee on June 26, 2018).

5. On October 30, 2018, the Trustee moved to set December 31, 2018 as the chapter 11 administrative expense bar date, which the Court granted November 1, 2018 [Dkt. Nos. 362 and 365].

6. AAJV owns hangars at 12260 East Control Tower Road at Centennial Airport in Englewood, Colorado. AAJV leased several hangars (Hangars A, B, and C) to Orion Air Group Holdings, LLC ("**Orion**") pursuant to a signed lease and addendums as same may have been amended, extended, and assigned, pursuant to applicable law, including being a tenancy-at-will. A copy of the *Hangar/Office Lease* and various related documents (collectively, the "**Lease**") is **Exhibit A** hereto.[1]

7. Orion is part of a group of companies owned and controlled by Jack Gulbin and Scott Terry at varying times. Among these companies is the Debtor, which operated out of the hangars that Orion leased from AAJV. These operations included aircraft maintenance operations and the storage of avionic equipment.

8. On August 10, 2015, the roof in Hangar A, which was used exclusively by the Debtor, collapsed due to an immense rain and hail storm. The water intrusion allegedly damaged roughly $3 million worth of avionics parts owned or held by the Debtor.

9. Although Hangar A collapsed and was ultimately rebuilt, the Debtor and the Trustee (in his chapter 11 trustee capacity) continued to lease and/or use Hangars B and C through the conversion date, including utilizing office space and storing aircraft parts.

---

[1] "Arapahoe Airport Joint Venture #1" is the lessor of the premises, though "Arapahoe Airport Plaza JV #1," "Arapahoe Airplaza JV #1," and "Centennial Airplaza" are sometimes mentioned in various documents. For the avoidance of doubt and out of an abundance of caution in light of the December 31st bar date, AAJV files this Application on its own behalf and that of "Arapahoe Airport Plaza JV #1," "Arapahoe Airplaza JV #1," and "Centennial Airplaza" (and any substantially similar name). They are the same entity despite the minor name differences.

10. Prior to the petition date, beginning in November 2017, the Debtor was in a receivership. The receiver, Cordes and Company, on behalf of the Debtor, paid the Lease through April 2018. Moreover, prior to the receivership, the Debtor had made the monthly Lease-related payments since approximately September 2011 (when Orion had the Lease assigned to it).

11. The rent and utilities owed by the Debtor from May 2018 through the August 9, 2018 conversion date, aggregating $102,376.83, is calculated as follows:

| MONTH | RENT | UTILITIES |
|---|---:|---:|
| May 2018 | $29,393.08 | $2,259.27 |
| June 2018 | $29,393.08 | $1,451.88 |
| July 2018 | $29,393.08 | $1,449.81 |
| August 1-9, 2018 | $8,533.48 | $503.15 |
|  | $96,712.72 | $5,664.11 |
| TOTAL |  | $102,376.83 |

12. Invoices issued to the Debtor for the above amounts are **Exhibit B** hereto.

13. On September 6, 2018, the Trustee filed his *Notice of Trustee's Surrender of the Premises Located at 12260 East Control Tower Road, Englewood, Colorado* (the "**Notice**") [Dkt. No. 298]. Therein, he gave notice that he had surrendered the premises subject to the Lease and acknowledges that the Debtor's personal property was located there in paragraph 3:

> TASS had significant tangible personal property consisting of ground support equipment and Pilatus parts, tooling and furniture and office equipment, located at the Control Tower Premises under a bailment arraignment with Orion Air Group Holdings, LLC, the tenant of the premises. Since conversion of this case to Chapter 7, Trustee has liquidated or removed TASS's unencumbered personal property from the premises. Relief from stay has been granted to Bank of the West for its collateral for liquidation by the Receiver.

## RELIEF REQUESTED

14. By this Application, AAJV requests entry of an order pursuant to 11 U.S.C. § 503(b)(1)(A), for allowance of a chapter 11 administrative expense in the amount of

$102,376.83, representing unpaid post-petition chapter 11 Lease-related charges for May 1, 2018 through August 9, 2018.

## BASIS FOR RELIEF REQUESTED

15. Section 503(b)(1) of the Bankruptcy Code provides in relevant part:

> (b) After notice and hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
>> (1)(A) the actual necessary costs and expenses of preserving the estate. . . .

16. "Binding precedent from the United States Court of Appeals for the Tenth Circuit establishes that administrative expense priority claims must satisfy two main elements: '(1) the claim resulted from a post-petition transaction; and (2) the claimant supplied consideration that was beneficial to the debtor-in-possession (or trustee) in the operation of the company's business.'" *In re Blair Oil Investments, LLC*, 588 B.R. 579, 591 (Bankr. D. Colo. 2018) (citing *Peters v. Pikes Peak Musicians Assoc.*, 462 F.3d 1265, 1268 (10th Cir. 2006)).

17. Because the Debtor ultimately accepted the benefits of the leased premises post-petition, including May, June, July, and part of August 2018, the expenses arose post-petition.

18. Concerning the second requirement, the services provided a benefit to the Debtor in the operation of its business. The Debtor and the Trustee utilized the leased premises during the pendency of the chapter 11 case to, at a minimum per the Notice, store "significant tangible personal property" to the exclusion of other uses of the premises. As a result of this actual benefit to the Debtor's estate, AAJV is entitled to an administrative expense claim pursuant to § 503(b)(1).

WHEREFORE, AAJV respectfully requests that the Court consider this Application and thereupon enter an Order providing for the allowance of its chapter 11 administrative expense claim in the amount of $102,376.83, pursuant to 11 U.S.C § 503(b)(1)(A); and granting such other and further relief as this Court may deem just and proper.

Dated: December 31, 2018.  Respectfully submitted,

LAW OFFICES OF KEVIN S. NEIMAN, PC

*/s/ Kevin S. Neiman*
Kevin S. Neiman, # 36560
999 18th Street, Suite 1230 S
Denver, CO  80202
Tel: (303) 996-8637
Fax: (877) 611-6839
E-mail: kevin@ksnpc.com

***Counsel for Arapahoe Airport Joint Venture #1***